ALFONSO VÁZQUEZ, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 1609.—Argued December 17, 1945.—Decided January 31, 1946.

*Luis A. Limeres* for petitioner. *Carlos E. Colón* for intervener, plaintiff in the main action.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Alfonso Vázquez has filed in this court a petition for certiorari to review an order rendered by the District Court of Ponce in the case of *Luis J. Nicole* v. *Ramón Montalvo et al.*, an action for damages wherein the petitioner was allowed to intervene.

From the record before us the following facts appear: The complaint seeking to recover damages was filed in the District Court of Ponce by Luis J. Nicole against Ramón Montalvo and Aníbal Comolly. To secure the effectiveness of any judgment that might be rendered in said action, an order of attachment was issued against property belonging to the defendants, and in pursuance thereof the Marshal of the District Court of Mayagüez attached, in the ward (*barrio*) El Retiro, San Germán, a motor truck of the Dodge make, license-plate HP 1287, the property of the defendant Ramón Montalvo, which was removed to the city of Ponce and delivered to Manuel Freytes as depositary. The petitioner Alfonso Vázquez thereupon, after obtaining leave of court, filed a motion, wherein he alleged that the attached truck was subject to a mortgage for $2,000 constituted in his favor and recorded in the Registry of Property of San Germán, and that, therefore, the attachment levied was null and void, inasmuch as the plaintiff Luis J. Nicole had failed to deposit beforehand, in the office of the Clerk of the District Court of Ponce, the amount of the mortgage, together with interest thereon and the stipulated sum for costs, expenses, and at-

torncy's fees; and further, because the mortgage having been recorded, the truck could not be removed from the place where it was originally located without the written consent of the mortgagee. The plaintiff Luis J. Nicole then filed an answer to the said motion and set up, among others, the defense that the above-mentioned chattel mortgage was void because it was a simulated contract without consideration. After hearing the motion the lower court, on August 10, 1945, entered an order holding that in accordance with § 10 of Act No. 19, approved June 3, 1927 (Laws of 1927, p. 490), and § 9 of the same Act, as amended by Act No. 71 of May 5, 1930 (Laws of 1930, p. 448), and the decision of this court in *Araújo v. Arena,* 60 P. R.R. 277, the attachment levied was void; and, consequently, it directed that the truck be delivered by the depositary Manuel Freytes to intervener Alfonso Vázquez so that it be restored to the place where it was in San Germán at the time it was attached; and it further directed that if the plaintiff Luis J. Nicole deposited in the office of the clerk of the court the sum of $2,000, that is, the amount of the mortgage, together with accrued interest thereon, within 48 hours after notice of the order had been served on him, then the attachment levied would continue to be in full force and effect and subject to the result of the main action. In view of said order, the marshal of the lower court, on August 17, 1945, acting upon a writ which had been issued by the clerk without the corresponding order from the court, seized the truck in question and delivered it to the intervener Alfonso Vázquez. Feeling aggrieved by the order of the district court, the plaintiff Nicole appealed to this court on August 17, 1945; and three days afterward he filed in the lower court a motion, praying that the marshal be ordered to seize the truck and to deliver it in *custodia legis* to the depositary Manuel Freytes, on the ground that the order vacating the attachment was not a final (*firme*) order as an appeal could be taken therefrom to this court within 30 days from the time of service of notice thereof, and the

intervener was precluded from executing the same; and that, therefore, the action of the clerk in issuing the aforesaid writ without the previous authorization of the court was void, and similarly as to the action of the marshal in executing the writ. After a hearing on the latter motion, the lower court, on August 28, 1945, relying on §§ 297 and 298 of the Code of Civil Procedure and the doctrine laid down by this court in *Garzot v. Garzot & Fuertes, Inc.,* 49 P.R.R. 339; *National City Bank v. District Court,* 49 P.R.R. 343; *Ríos v. Chabriel,* 54 P.R.R. 596; *Municipality v. District Court,* 60 P.R.R. 167; and *Rivera v. Martínez,* 27 P.R.R. 439, decided the question raised by holding that the notice of the appeal taken by the plaintiff stayed all subsequent proceedings in the case and that the writ issued by the clerk to the marshal of the court for the delivery of the truck to the intervener had no legal force or effect whatsoever. Consequently, it ordered that the truck seized by said intervener be returned to the legal depositary Manuel Freytes to be held in *custodia legis* pending the determination of the appeal taken by the plaintiff-appellant.

In support of his petition for certiorari, the petitioner alleges: (1) that the last order, that is, the one rendered on August 28, 1945, is contrary to §§ 9 and 10 of Act No. 19 of June 3, 1927, as amended by Act of May 5, 1930, and to the decisions of this court in *United Porto Rican Bank v. Ruiz,* 43 P.R.R. 506; *United Porto Rican Bank v. González,* 46 P. R.R. 755; and *Araújo v. Arenas,* 60 P.R.R. 277; and (2) that the order dated August 10, 1945, is not final or appealable, in accordance with the doctrine laid down by this court in *Espada v. Sepúlveda, District Judge,* 20 P.R.R. 125; and *Rivera v. Rivera,* 56 P.R.R. 195.

▌ That the order of August 10, 1945, setting aside the attachment of the mortgaged automobile is appealable is a question as to which there can be no doubt. Subdivision 3 of § 295 of the Code of Civil Procedure expressly provides

that an appeal may be taken to this court from and order rendered by the district court "dissolving or refusing to dissolve an attachment."

The question to be decided is whether the appeal taken by the plaintiff Nicole suspended the operation of the order appealed from. In the opinion of this court delivered in *National City Bank* v. *Court,* 47 P.R.R. 122, it was held that an appeal from an order dissolving or refusing to dissolve an attachment suspends the operation of said order. Since we consider that this question is extremely important, we think it advisable to re-examine the grounds that were adduced in support of the viewpoint which then prevailed.

Section 14 of the Act to Secure the Effectiveness of Judgments provides:

"All allegations made by either party in the course of the proceedings regarding the remedy, shall be substantiated, notifying the other party by means of a summons to appear before any of the judges, each party having then an opportunity to produce their proofs. The court shall immediately decide the question, but in no case shall the incidental questions interfere with the course of the proceedings in the principal question or suit. Not more than five days shall elapse between the time the summons is served, and the appearance of the parties at the hearing, which shall not be suspended for any reason. *Every decision of the court shall immediately be carried into effect,* but the injured person may protest and declare his intention to take an appeal, as provided in the law of civil procedure, against the final judgment of the court." (Italics ours.)

A careful examination of the whole Section reveals the intention of the lawmaker to have all questions relating to attachments speedily determined. The enactment prescribes that not more than five days shall elapse between the time the summons is served and the appearance of the parties at the hearing; it expressly prohibits the postponement of the latter for any reason; and it concludes by providing that the decision rendered shall immediately be carried out, reserving to the agrieved party the right to enter his protest for the

purpose of the remedy which the law granted to him to obtain a review of the decision within an appeal from the final judgment.

We have already adverted to the remedy which § 295 of the Code of Civil Procedure granted by specifically providing that the orders granted in these proceedings are appealable. However, § 297 of the Code of Civil Procedure prescribes that whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from. Is that provision applicable to an order dissolving or refusing to dissolve an attachment notwithstanding the express provision of the special Act to secure the effectiveness of judgments, that the decisions entered in attachment proceedings shall immediately be carried out? In deciding this question we can not overlook the fact that the Code of Civil Procedure is a general statute, and the Act to Secure the Effectiveness of Judgments is a special statute. Therefore, applying the rule of construction that where there is a conflict between a general law and a special law, the provisions of the latter should prevail, we must conclude that, although an order dissolving or refusing to dissolve an attachment is appealable by express provision of § 295 of the Code of Civil Procedure, the appeal does not suspend the operation of the order appealed from, in virtue of the provisions of § 14 of the Act to Secure the Effectiveness of Judgments.

For the reasons stated, the case of the *National City Bank* v. *Court, supra,* is overruled and the decision entered by the lower court on August 28, 1945, in so far as it directed the stay of the order of August 10, 1945, vacating the attachment, will be set aside and the case remanded to the lower court for further proceeding in conformity with this opinion.

Mr. Justice Córdova did not participate herein.